IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HELEN MASTRICOLA AND JOSE I. ANDUJAR<br><br>Plaintiffs,<br><br>v.<br><br>CONSOLIDATED WASTE SERVICES, CORP.; TRIPLE S INSURANCE COMPANY; JOHN DOE AND RICHARD ROE; and ABC INSURANCE COMPANY<br><br>Defendants. | CIVIL NO. 16-1056<br><br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** the above named plaintiffs, **HELEN MASTRICOLA AND JOSE I. ANDUJAR,** through their undersigned attorney and respectfully state, allege and pray as follows:

#### I.   NATURE OF THE ACTION

1.   This is an action for the recovery of the damages suffered by plaintiffs as a result of defendants' unlawful and negligent acts and/or omissions as more particularly described herein below.  Plaintiffs sustain this action based on their personal sufferings and emotional distress.

## II.  JURISDICTION AND VENUE

2.  Pursuant to Title 28, United Stated Code, Section 1332, jurisdiction of this action is proper because this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.  Venue lies properly in this district pursuant to Title 28, United States Code, Section 1391, insofar as all the facts and events that give rise to the causes of action asserted in this complaint took place within the Commonwealth of Puerto Rico.

## III.  THE PARTIES

3.  Plaintiffs, **Helen Mastricola and Jose I. Andujar**, are mother and father respectively of the decedent **Jonathan J. Andujar Mastricola (Jonathan).**  Both, **Helen Mastricola and Jose I. Andujar,** are United States citizen, residents and permanently domiciled in states other than the Commonwealth of Puerto Rico, and who appear now, as claimants for their personal and direct damages arising from the accident at issue in this case and the resulting loss of their beloved son **Jonathan**.

4.  Defendant, **CONSOLIDATED WASTE SERVICES, CORP. (Con-Waste**) is a corporation organized under the laws of the Commonwealth of Puerto Rico, operating an island wide waste disposal service from within some 10 branch offices on the island.

5. Defendant, **TRIPLE S INSURANCE COMPANY**, is to the best of plaintiffs' belief and understanding a corporation duly organized under the

- 3 -

laws of the Commonwealth of Puerto Rico, with principal offices therein and who is engaged in the insurance business, having issued and in full force and effect a casualty insurance policy that covered the accident and damages claimed in this action.

6. Defendants, **JOHN DOE AND RICHARD ROE** are currently unidentified parties who due to their association and/or ties with any of the defendants, can be held accountable to the plaintiffs for their herein claimed damages and who through discovery will timely identified and accordingly substituted by the properly named party in accordance with Federal Rules of Civil Procedure.

7. Defendant, **ABC INSURANCE COMPANY** is currently an unidentified insurance company, duly organized under the laws of the Commonwealth of Puerto Rico and who may have or have had an insurance policy issued and in effect, covering damages claimed in this complaint and who may be hence held accountable to the plaintiffs. Through discovery this unidentified insurer will be eventually identified and in accordance with Federal Rules of Civil Procedure suitably substituted by the proper party.

## IV.   TOLLING OF STATUTE OF LIMITATIONS

8. Plaintiffs tolled the statute of limitations in the present action by extrajudicial claim letter dated July 3, 2015.

## V. THE FACTS

9. On July 16, 2014, at approximately 4:30 a.m. on Road PR-976, in "Barriada Roosevelt" Fajardo, Puerto Rico, Ignacio García-Rodríguez (hereinafter referred to as "the driver"), was operating a 2010 International garbage disposal truck, license plate HP-11916, owned by Con-Waste.

10. At such time and place Ignacio García-Rodríguez, who was an employee of Con-Waste and had been authorized by Con-Waste to operate the previously described garbage truck, was driving it on Road 976 towards the town of Fajardo.

11. On July 16, 2014, at approximately 4:30 a.m., Jonathan, while in the exercise of due care, was operating his 1997 Toyota, license plate CXP-653 on road 976, heading in opposite direction to the garbage truck driven by Ignacio García-Rodríguez.

12. The garbage disposal truck owned by Con-Waste and operated by Ignacio García-Rodríguez negligently invaded its opposite lane and collided head-on with the 1997 Toyota driven by Jonathan.

13. As a result of this dreadful accident, Jonathan suffered such severe injuries as to cause conscious pain and suffering, likewise his death following arrival at the Puerto Rico Medical Center.

14. Jonathan's death was certified as due to multiple body traumas, comprising Hemoperitoneum (presence of blood in the peritoneal cavity); pulmonary contusions; liver laceration; perirenal hemorrhage; testicular

hematoma and contusion; bilateral leg fracture and multiple abrasions, contusions and skin lacerations.

15. At all times herein mentioned, Jonathan acted in a careful and prudent manner and did not assume the risks of his injuries and death and was not contributory negligent.

### COUNT I – WRONGFUL DEATH/ VICARIOUS LIABILITY

16. The plaintiffs incorporate herein by reference all preceding paragraphs.

17. The death of Jonathan was directly and proximate caused by the negligent actions and omissions of Ignacio García-Rodríguez, who was acting within the scope of his employment with defendant Con-Waste, when he caused the physical injuries, conscious pain and suffering, and the tragic death Jonathan.

18. Pursuant to Article 21.01 of the Puerto Rico Vehicle and Traffic Law, 9 L.P.R.A. § 5621, Con-Waste, as owner of the garbage dump truck at issue, is liable for the acts, omissions, negligence and carelessness of the authorized driver. Additionally, as the employer of Ignacio García- Rodríguez, and pursuant to Article 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5142, Con-Waste is liable for the acts, omissions, negligence and carelessness of its employee, displayed while irresponsibly operating the garbage truck without due regard for other vehicles rightfully and lawfully along the way and likewise:

  a. Negligently and carelessly operated his motor vehicle at a high and dangerous rate of speed;

  b. Negligently and carelessly operated their truck without sufficient control for conditions prevailing along said road 19 by failing to stop his motor vehicle in time to avoid a head-on collision, although a collision was imminent, and where he had ample time and opportunity to avoid it;

  c. Negligently drove their truck tor vehicle without sufficient brakes; or in the alternative, if such brakes were adequate, negligently failed to apply such brakes so as to control the speed of her vehicle and to avoid the aforesaid collision;

  d. Drove their truck too fast and in such a manner that operation became dangerous, for the prevailing weather and road conditions;

  e. Drove their truck in disregard of the prevailing road, weather and traffic conditions, so as to constitute a driving hazard;

  f. Negligently deviated from his own lane of travel and into plaintiff's son lane of travel and likewise failed to keep a proper lookout for other vehicles along the roadway;

 19. As a direct and proximate result of the previously stated acts and omissions, defendant Con-Waste, through its negligence and that of their employee and agent Ignacio García-Rodríguez, breached the duties owed to

Jonathan, who as a result sustained fatal bodily injuries and shortly following his air ambulance transportation and arrival at Rio Piedras Medical Center was pronounced dead.

20. As a direct and proximate result of defendant Con-Waste's stated acts, omissions, and negligence and that of their employee and agent Ignacio García-Rodríguez, in causing Jonathan's death.

21. Plaintiffs Helen Mastricola and Jose I. Andujar, have sustained anguish, emotional pain and suffering due to the loss of their son, which are conservatively estimated in an amount not less than Two Million Dollars ($2,000,000.00) for each of them.

## COUNT II – INSURERS LIABILITY

22. The plaintiffs incorporate herein by reference all preceding paragraphs.

23. Pursuant to Article 20.030 of the Puerto Rico=s Insurance Code, 26 LPRA § 2003, co-defendant Triple S. Insurance Company is directly and strictly liable to plaintiff for the damages he suffered as particularly described herein and which were covered by the casualty policy that it had issued for acts, omissions and/or events as the ones complained herein.

## VI. JURY DEMAND

24. Pursuant to the Seventh Amendment to the Constitution of the United Sates and to Rule 38(b), of the Federal Rules of Civil Procedure

- 8 -

plaintiffs request a trial by jury as to all the issues and causes of action asserted herein.

**WHEREFORE,** plaintiffs, Helen Mastricola and José I. Andújar, demand judgment against the defendants for their wrongful death claims, jointly and severally in the amount not less than TWO MILLION DOLLARS ($2,000,000.00) for each of them in non-economic damages, compensatory damages, plus costs, pre-judgment interest and post-judgment interest.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on January 12, 2016.

*S/ Guillermo Ramos Luiña*
GUILLERMO RAMOS LUIÑA
USDC-PR 204007
gramlui@yahoo.com

PO Box 22763, UPR Station
San Juan, PR 00931-2763
Tel.  (787) 620-0527
Fax  (787) 620-0039